UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:  DAMON KEITH GRANT                             Case No. 14-30344-KLP
CYNTHIA KAY GRANT                                     Chapter 13
                        Debtor

## MOTION OF CYNTHIA KAY GRANT TO SEVER
## JOINT ADMINISTRATION OF CASES

COMES NOW, CYNTHIA KAY GRANT, by Counsel, pursuant to 11 U.S.C. Section 302(b), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 1015-1, to request that this Court enter an order severing the joint administration of the Debtor's Chapter 13 case from the case of her estranged husband, DAMON KEITH GRANT, and in support thereof respectfully represent as follows:

Background

1. On January 24, 2014, Cynthia Kay Grant and Damon Keith Grant filed a joint Chapter 13 petition with Roger C. Hurwitz, Esq., as counsel of record. Robert E. Hyman was appointed and continues to serve as the trustee in the case.

2. At the time of filing, both Mr. and Mrs. Grant were employed and a wage assignment was entered against each of their employers.

3. The Chapter 13 plan was filed and confirmed by the court during the course of the case, the most recent and current plan having been confirmed on May 14, 2014.

4. Since that time, the Debtors have separated and Mr. Grant moved out of the marital residence.

5. Mrs. Grant and Mr. Grant believe that reconciliation is unlikely and that a final decree of divorce will be entered terminating the marriage.

6. Mr. Grant continues his employment with Henrico County Police Department.

7. Mrs. Grant submitted a motion to the Court to allow a substitution of counsel so that Jacqueline W. Sharman, Esquire will represent her for the remainder of the case.

8. Mrs. Grant remains employed with BH Media.

9. Mrs. Grant desires to sever her case from that of Mr. Grant wherein she can continue to pay the arrearage on the real property through Citi Financial, surrender her interest in the Ford that belongs to Mr. Grant, surrendering her interest in the Camper secured by Marine One Acceptance in addition to unsecured creditors as follows: Hanover County (personal property taxes), Hanover County Real Estate Taxes, Comenity Bank: Dress Barn, Comenity Bank: Pier 1, Delbert Services, Macys, Kohls, Henrico Federal Credit Union,

10. The remaining creditors in the case are owed money individually by either Mrs. Grant or Mr. Grant.

11. It is in the best interest of Mrs. Grant and Mr. Grant to sever the joint administration of their case.

## Relief Requested

12. 11 U.S.C. Section 302(a) provides that a joint case "is commenced by the filing with the bankruptcy court of a joint petition . . . by a debtor under such chapter and the individual's spouse." In a joint case filed in accordance with this provision, the Bankruptcy Court shall decide the extent to which "the debtor's estate shall be consolidated." 11 U.S.C. § 302(b). Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a husband and wife, "the court may order a joint administration of the estates."

13. Local Rule 1015-1 provides that "in all joint petitions filed with the court, the case will be administered through joint administration of the estate unless the trustee or other interested party files an objection to joint administration within ten days after the meeting of creditors and gives notice of a hearing on such objection."

14. While this Court has not entered an order determining the extent, if any, to which the two spouses cases should be consolidated, given Local Rule 1015-1 and the resulting automatic joint administration, Cindy Grant respectfully requests the entry of an order severing her case from the case of her estranged husband.

15. The interests of the two debtors are no longer the same and can be best served by severing the joint case into two separate cases.

16. The severing of the two cases is simply a matter of procedure and will result in both cases going forward for the benefit of each spouse's creditors, will reduce the confusion in the administration of the two cases, and will not impact any substantive rights of any party.

## Notice

17. Notice of this Motion shall be served upon the US Trustee, the Chapter 13 trustee and all creditors and other parties in interest in the case. Movant submits that no other notice is required.

## Waiver of Local Rule 9013-1(G)

18. Pursuant to Local Rule 9013-1(G) and because there are no novel issues of law presented in the Motion, the Movant request that the requirement that all motions be accompanied by a separate written memorandum be waived.

WHEREFORE, CINDY GRANT, respectfully requests that the Court enter an order (1) severing her Chapter 13 case from the case of her husband, DAMON GRANT; (2) directing that each case be administered separately; and (3) granting such other and further relief as the court may deem proper.

December 1, 2014                                    CINDY GRANT

                                                    __/s/ Jacqueline W. Sharman___
                                                    Counsel

Jacqueline W. Sharman, Esq.
Bowen Ten Cardani, P.C.
A Debt Relief Agency/Counsel for Debtor
VSB # 71569
3957 Westerre Parkway
Suite 105
Richmond, Virginia 23233
(804) 755-7599
(804) 755-7550 (f)
jsharman@btclawva.com

**CERTIFICATE OF SERVICE**

      I certify that a true copy of the foregoing Motion was sent by first class mail or electronic transmission to all necessary parties including the US Trustee at 701 E. Broad Street Richmond, Virginia 23219 and Robert Hyman, Chapter 13 Trustee PO Box 1780 Richmond, Virginia 23219 on December 1, 2014..
      .

                                                /s/ Jacqueline W. Sharman
                                                Jacqueline W. Sharman, Esq

Department Stores National Bank/Macy's
Bankruptcy Processing
Po Box 8053
Mason, OH 45040

TD BANK USA, N.A.
C O WEINSTEIN, PINSON, AND RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121

Marine One Acceptance Corp.
c/o Erin E. Kessel, Esq.
Spotts Fain PC
411 E. Franklin St., Ste. 600
Richmond, VA 23219

Springleaf Financial
Attn: Bankruptcy Dept.
P.O. Box 3251
Evansville, IN 47731-0000

DELBERT SERVICES CORPORATION
C O WEINSTEIN, PINSON, AND RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121

ALTAIR OH XIII, LLC
C O WEINSTEIN, PINSON, AND RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121

IRS
P.O. Box 7346
Philadelphia, PA 19101-0000

Ford Motor Credit Company LLC
c/o Carl A. Eason, Esquire
Convergence Center IV
301 Bendix Road, Suite 500
Virginia Beach, VA 23452

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

ALTAIR OH XIII, LLC
C O WEINSTEIN, PINSON, AND RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121

CitiFinancial, Inc.
D/B/A CitiFinancial, Inc. (WV)
P. O. Box 6043
Sioux Falls, SD 57117-6043

Capital One, N.A.
PO Box 71083
Charlotte, NC 28272-1083

Capital One NA
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

LVNV Funding, LLC its successors and assigns as
assignee of FNBM, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Henrico Federal Credit Union
9401 West Broad Street
Richmond, VA 23294

Hanover County, Virginia
County Attorney's Office
PO Box 470
Hanover, VA 23069

Virginia Department of Taxation
PO Box 2156
Richmond, VA 23218